**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:14-cv-101-RLV**
**(3:02-cr-227-RLV-1)**

| | | |
|---|---|---|
| **RICHARD TIMOTHY CARROLL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence filed under 28 U.S.C. § 2255 or, alternatively, for relief under 28 U.S.C. §

2241, Federal Rule of Civil Procedure 60(b), or the writs of error coram nobis and audita

querela. (Doc. No. 1). Also pending before the Court are the Government's Motion to Dismiss,

(Doc. No. 6), and Petitioner's Motion to Appoint Counsel, (Doc. No. 10).

**I.    BACKGROUND**

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on

October 8, 2002, and charged with possession of a firearm by a convicted felon, in violation of

18 U.S.C. § 922(g)(1). (Criminal Case No. 3:02-cr-227-RLV-1, Doc. No. 8: Indictment).

Petitioner's case was ultimately tried before a jury, and the jury found Petitioner guilty. (Id.,

Doc. No. 33: Jury Verdict). In preparation for Petitioner's sentencing hearing, the probation

office submitted a Presentence Report in which the probation officer determined that Petitioner

qualified as an armed career criminal under U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e). (Id., Doc.

No. 70 at 5: PSR). With respect to Petitioner's qualifying predicate convictions, the probation

officer noted that Petitioner had been convicted of numerous counts of breaking and entering. (Id.). According to the Presentence Report, Petitioner was convicted of two counts of breaking and entering in 1988, for which he was sentenced to three years in prison, id. at 6; four counts of breaking and entering in 1992, for which he was sentenced to five years in prison, id. at 6-7; two counts of breaking and entering in 1994, for which he was sentenced to ten years in prison, id. at 8; four counts of breaking and entering in 1995, for which he was sentenced to 11-14 months in prison, id. at 9; one count of breaking and entering in 1996, for which he was sentenced to three years in prison; and four counts of breaking and entering, also in 1996, for which he was sentenced to 11-14 months in prison, id. at 10. The probation officer calculated a Sentencing Guidelines range of imprisonment of 235 to 293 months, id. at 15, and this Court ultimately sentenced Petitioner to 290 months in prison. (Id., Doc. No. 45: Judgment). Petitioner appealed and on June 15, 2004, the Fourth Circuit Court of Appeals affirmed in an unpublished opinion. United States v. Carroll, 100 Fed. App'x 898 (4th Cir. 2004). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

Petitioner filed an initial motion to vacate on June 13, 2005, which motion this Court denied on the merits on August 21, 2006. See (Criminal Case No. 3:02-cr-227-RLV-1, Doc. Nos. 56; 57: Civil Case No. 3:05-cv-282 (W.D.N.C.)). Petitioner placed the pending motion to vacate in the prison system for mailing on February 28, 2014, and it was stamp-filed in this Court on March 7, 2014. Petitioner seeks relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), contending that the Court erroneously enhanced his sentence under U.S.S.G. § 4B1.4 and the Armed Career Criminal Act, 18 U.S.C. § 924(e). On October 27, 2014, this Court ordered the Government to respond and, after receiving extensions of time, the Government filed

its brief in response and the accompanying motion to dismiss on January 30, 2015. (Doc. Nos. 3; 6). On February 12, 2015, the Court notified Petitioner of his right to respond to the motion to dismiss. Although he moved for and received an extension of time to file a response to the motion to dismiss, Petitioner has not responded to the motion to dismiss, and the time to do so has passed.

## II.      STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.      DISCUSSION

The Court first finds that, to the extent that Petitioner seeks relief under § 2555, this is an unauthorized, successive petition.[1]  In any event, the claim Petitioner raises here is without merit. Therefore, as for Petitioner's attempt to seek relief under alternative theories, Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief.  In the motion to vacate, Petitioner asserts that he was improperly sentenced as an armed career criminal because none of his prior convictions was punishable by more than one year in prison. Petitioner's contention is flatly contradicted by the Presentence Report, which shows that he was convicted numerous times of breaking and entering and was sentenced to more than one year in

---

[1]  The Court notes that the petition also appears to be time-barred, but the Government has not raised the issue of timeliness in its motion to dismiss.

prison as to each of those convictions.  Moreover, the Fourth Circuit's decision in United States

v. Mungro, 754 F.3d 267 (4th Cir. 2014), makes clear that North Carolina's offense of breaking

or entering qualifies as a violent felony for purposes of the Armed Career Criminal Act, 18

U.S.C. § 924(e).[2]  Accordingly, the record in this case establishes that Petitioner was properly

sentenced as an armed career criminal.  In sum, for the reasons stated herein, the petition will be

denied and Petitioner is not entitled to relief under any of his alternative theories of relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies the motion to vacate as an unauthorized,

successive petition.  Moreover, because Petitioner's claim is wholly without merit, Petitioner is

not entitled to relief under any of his alternative theories.

**IT IS, THEREFORE, ORDERED** that

1.    Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**, and

Petitioner is not entitled to relief under any of his alternative theories.  To this

extent, the Government's Motion to Dismiss, (Doc. No. 6), is **GRANTED**.

2.    Petitioner's Motion to Appoint Counsel, (Doc. No. 10), is **DENIED** as moot.

3.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of

---

[2]   Indeed, in the order denying Petitioner's first motion to vacate, this Court already decided the
issue of whether Petitioner's breaking and entering convictions qualified as violent felonies
under § 924(e).  See (Civil No. 3:05-cv-282, Doc. No. 18 at 3).

the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: April 10, 2015

Richard L. Voorhees
United States District Judge